IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENNET *et al.*, | ) | CASE NO.  5:10-cv- 2676 |
| Plaintiffs, | ) ) | JUDGE SARA LIOI |
| v. | ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| SAI LIVING HUDSON, INC. *et al.*, | ) ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge for general pretrial supervision, excluding the preparation of reports and recommended decisions on case-dispositive motions. (Doc. No. 12.) Before the Court is Defendant Joseph Steele's ("Steele") second letter to the Court, which the Court construes as a motion to vacate ("Motion to Vacate") the entry of default entered against Steele on March 17, 2011. (Doc. No. 24.) Plaintiffs Sigrid Bennet ("Bennet") and Michael Pochatek ("Pochatek") (collectively "Plaintiffs") oppose Steele's Motion to Vacate. (Doc. No. 26.) For the reasons set forth below, the Magistrate Judge recommends that Steele's Motion to Vacate be GRANTED.

**I.**

On November 1, 2010, Plaintiffs filed their complaint against Defendants Sai Living Hudson, Inc. ("Sai Living"), Panoramic Ace Properties, Inc. ("Panoramic Ace"), Panoramic Fortune Properties, Inc. ("Panoramic Fortune"), and Steele (collectively "Defendants") in Summit County Court of Common Pleas. (Doc. No. 1 Attach. 1.) Sai Living is registered in Ohio as Clarion Inn and is a wholly-owned subsidiary of Panoramic Ace. Steele was Operations Director for Panoramic Ace. Bennet and Pochatek allegedly were employees of Defendants, although in different capacities. The complaint alleges various sex discrimination and retaliation claims against Defendants based on events that took place at the Clarion Inn and Conference Center in Hudson, Ohio. The complaint specifically alleges claims of retaliatory discharge and wrongful discharge against Steele. (Compl. at 23-26, 39-42.)

On November 24, 2010, Defendants removed the case to federal court. (Doc. No. 1.) It appears that Steele was not served the complaint, as the summons for the action in Summit County did not include Steele's name (*see* Doc. No. 1 Attach 1), and, at the case management conference held on February 2, 2011, the Court ordered Plaintiffs to serve the complaint upon Steele (*see* Doc. No. 15). On February 14, 2011, Plaintiffs filed a notice that Steele had been served a summons and complaint by personal service on February 9, 2011. (Doc. No. 18.)

Steele did not answer the complaint within twenty-one days of receiving service of process. On March 16, 2011, Plaintiffs filed an application for entry of default against Steele. (Doc. No. 19.) On March 17, 2011, the Clerk of Court entered default against

2

Steele. (Doc. No. 20.)

On March 24, 2011, Steele submitted a letter to the Court. (Doc. No. 22.) The Court construed the letter as Steele's answer to Plaintiffs' complaint. (Doc. No. 23.) The Court ordered that the answer be stricken because default had been entered against Steele by the Clerk of Court and Steele did not address why an answer should be permitted. (Doc. No. 23.)

On April 12, 2011, Steele submitted a second letter to the Court. (Doc. No. 24.) The second letter consist of obscure explanations that: (1) Steele was not able to respond to the Court earlier because he was a member of a whistle blower group; (2) Steele's physical description did not exactly match that contained in an unspecified document that had been served on him; (3) Plaintiffs were under review for termination by management before Steele became involved in the circumstances underlying this case; and (4) Steele did not participate in Plaintiffs' terminations. (Mot. Vacate, at 1.) Steele attached supporting documentation to his second letter in the form of: (1) an "Affidavit Letter" from Mr. Arvind Kumar Thirukonda, allegedly a colleague at Panoramic Ace; (2) additional alleged facts regarding the circumstances of Plaintiffs' terminations; and (3) emails among management regarding Plaintiffs' terminations. (Mot. Vacate, at 3-34.)

Steele also attached to the second letter a copy of the first page of Plaintiffs' complaint, and displayed at the bottom of the page is a hand-written note explaining "I was not listed on this served Doc. That is why I did not respond." (Mot. Vacate, at 2.) On April 22, 2011, the Court issued an Order indicating that it construed Steele's second letter as a motion to vacate the entry of default against Steele. (Doc. No. 25.)

3

The Court required any response in opposition to the Motion to Vacate to be filed within fourteen days. (Doc. No. 25.) On May 5, 2011, Plaintiffs timely filed their opposition to Steele's Motion to Vacate. (Doc. No. 26.)

**II.**

A court may set aside an entry of default against a defendant for good cause. Fed. R. Civ. P. 55(c). Good cause under Rule 55(c) is determined by weighing three equitable factors: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). Default is a harsh sanction, however, and courts favor trials on the merits. *U. Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). For the reasons set forth below, and after balancing the three equitable factors, the Magistrate Judge concludes that Steele's motion to vacate the entry of default against him should be granted.

Steele's only clear explanation for his failure to answer Plaintiffs' complaint is that he was not named in the complaint and, therefore, chose to ignore it. But the complaint, in fact, names Steele and discusses him. The caption lists Steele as a defendant on the second page. (Compl. at 2, Doc. No. 3) The opening paragraph of the complaint also names him. (Compl. at 2.) And Steele is identified throughout the complaint's factual allegations (Compl. ¶¶ 25-28, 34, 37-39, 44-45, 49, *and* 52-58) and in practically all of the twenty Counts, including those directed specifically at Steele (*see, e.g.*, Compl. at 23-26, 39-41).

Steele's conduct in failing to answer Plaintiffs' complaint is culpable. A

4

defendant's conduct is culpable in the context of Rule 55(c) when the defendant displays either an intent to thwart judicial proceedings, or a reckless disregard for the effect of its conduct on those proceedings. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986). Steele admits that the complaint was served on him. (*See* notation on copy of first page of complaint, Mot. Vacate, at 2.) His explanation for his failure to answer the complaint indicates *at least* that he recklessly ignored the fact that he was being sued, as even a cursory glance through the complaint—not just the first page—indicates that Steele was a named defendant. This recklessness has caused this Court to devote unnecessary time and effort to address both of Steele's letters and engage in these default proceedings. In short, Steele's conduct rises to a level of reckless disregard, and his culpable conduct has caused the default at issue here.

On the other hand, Steele has offered a meritorious defense. To establish a meritorious defense, the defendant must state "a defense good at law," which is sufficient if it contains "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 434 (6th Cir.1996). A meritorious defense's likelihood of success on the merits is irrelevant. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010). Steele alleges in his Motion to Vacate, and attempts to support with attached documentation, that he was not involved in Plaintiffs' terminations. If proven at trial, Steele's defense would be a complete defense to the claims against him. Accordingly, Steele has alleged a meritorious defense. *See, e.g., INVST Fin. Grp., Inc. v. Chem-*

5

*Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (finding that the defendant had a meritorious defense when the plaintiff claimed that the defendant breached a contract by failing to pay money owed, the court below entered default judgment against the defendant, and the defendant claimed in its motion to vacate the default judgment that the triggering event specified in the contract warranting payment never occurred).

Moreover, the Court is not persuaded that Plaintiffs would be prejudiced if the Court vacated the entry of default against Steele. Even if vacating the entry of default would delay proceedings in this case, delay alone is not a sufficient basis for finding prejudice. *Id.* at 398. Rather, it must be shown that delay would result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *Id.* Plaintiffs have not explained or even addressed how vacating the entry of default against Steele would prejudice them, and there is otherwise no indication that granting Steele's Motion to Vacate would cause Plaintiffs such prejudice. Accordingly, vacating the entry of default against Steel would not prejudice Plaintiffs.

A balancing of the equitable factors in this matter suggests that Steele's Motion to Vacate should be granted. *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward.") (citing *Shepard Claims Serv.*, 796 F.2d at 193-94).

6

**III.**

For the foregoing reasons, the Magistrate Judge recommends that Steele's Motion to Vacate be GRANTED. Further, in the event this Report and Recommendation is adopted, Steele should be required to file an answer to Plaintiffs' complaint within fourteen (14) days of such an Order.


s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: May 24, 2011


**OBJECTIONS**
Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).